## TIBBETTS v. CATE.

Relief will be granted in equity against a forfeiture of land incurred by the non-performance of a condition for the payment of taxes, on payment of the taxes, interest, and costs, when it appears that the refusal to pay was due to the ignorance of the defaulting party, and not legally wilful.

BILL IN EQUITY, praying that the amount of the taxes assessed upon certain real estate devised to the plaintiff for life, upon condition that she should pay the assessments, may be determined, and that the plaintiff be permitted to pay the same, and for relief from the forfeiture of the land if the same has become forfeited by reason of her non-payment. Facts found by the court. Martha Warren, by her will, devised to her daughter, Harriett E. Tibbetts, "the use of the house and lot I now occupy as long as she may live; and at her decease, if my son George be living, he shall

have the use of said house and lot as long as he shall live, and at his decease my daughter, Lucinda Marden, if alive, shall have the use of said house and lot as long as she shall live; and each of the above named,—Harriett E. Tibbetts, George W. Warren, and Lucinda Marden,—shall pay all taxes assessed on said house and lot, and keep the buildings in good repair and fully insured while each shall occupy it, and the failure to pay all such taxes and insurance for one year shall work a forfeiture to said occupant as much as if said occupant were deceased, and the next in order shall occupy." The legal title to the house and lot devised was in John G. Cate, the defendant, as trustee, who was also nominated and appointed executor of the will and trustee of the estate. Mrs. Warren died in March, 1888, and Mrs. Tibbetts, the plaintiff, entered into the possession and occupation of the house and land. The taxes upon the property for 1888 and 1889 were assessed to Cate as trustee. The collector, at Cate's request, called on Mrs. Tibbetts for the money tax of 1888, amounting to $8.23, and also for the money tax of 1889, amounting to $5.78. She refused to pay the taxes because the property was not taxed to her, claiming that it should have been taxed to her as her property. Her refusal to pay was in consequence of her ignorance of her rights and duties in the matter. She was ignorant of the ways of doing business. She understood that the tax bill ought to be made out in her name, and that if she paid the taxes she was entitled to a receipted tax bill in her name. She believed she was entitled to a deed of her interest in the premises, and applied to Cate for such a deed. She offered to pay the tax of 1888 if the collector would make the tax bill in her name, and requested the selectmen to tax the land to her in 1889. The highway taxes were paid by Mrs. Tibbetts's husband. The defendant paid the tax of 1888, November 29, 1888, and the tax of 1889, December 5, 1889. April 23, 1890, George W. Warren conveyed to the defendant his interest in the house and lot of land, and on May 24 and June 9, 1890, the defendant attempted to take possession of the premises, but was resisted by the plaintiff. June 10 the defendant served upon the plaintiff a notice to quit. June 18 and August 8, 1890, he brought a writ of entry for the possession, and thereupon Mrs. Tibbetts brought her bill in equity seeking to be relieved from the forfeiture claimed by reason of the non-payment of the taxes.

*F. Weeks*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendant.

CLARK, J. "It is well settled that where the agreement secured is simply one for the payment of money, a forfeiture, either of land, chattels, securities, or money, incurred by its non-

performance, will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, on payment of the debt, interest, and costs if any have accrued, unless by his inequitable conduct he has debarred himself from the remedial right, or unless the remedy is prohibited, under the special circumstances of the case, by some other controlling doctrine of equity." 1 Pom. Eq. Juris., s. 450. The condition in the will relating to the payment of taxes, for the non-performance of which a forfeiture is claimed, was intended to secure the payment of money, and the damages for the default can be readily ascertained. The case is a proper one for granting equitable relief, unless the plaintiff has lost the right to claim it by reason of her inequitable conduct. He who seeks aid from a court of equity must himself be free from inequitable conduct with respect to the same subject-matter. The facts are found, that the plaintiff's refusal to pay the taxes when called upon was in consequence of her ignorance of her rights and duties in the matter; that she was ignorant of the ways of doing business; that she understood that the tax bill ought to be made out in her name, and that if she paid the taxes she was entitled to a receipted tax bill made out in her name; and that she believed she was entitled to a deed of her interest in the premises, and applied to the defendant for such a deed. It appears that she offered to pay the taxes for 1888 to the collector if he would give her a tax receipt in her own name, and that she requested the selectmen to tax the land to her in 1889.

Under these circumstances the refusal of the plaintiff to pay the taxes of 1888 and 1889 was not in any true sense wilful, and she is entitled to the relief prayed for.

*Decree for the plaintiff.*

SMITH, J., did not sit: the others concurred.