NELSON T. BURROUGHS *v.* LEVIN H. JONES ET AL.

1. CONTRACT. *Time, essence of. Penalty. Equity.*

   Although time be of the essence of a contract, the penalty attending a failure to perform the same within the time specified, will not be enforced in equity if the circumstances render its enforcement inequitable.

2. SAME. *Waiver. Delay.*

   A right to the forfeiture of such a contract will be waived unless promptly claimed at the time of its accrual.

3. INJUNCTION. *Bond. Damages.*

   Damages should not be awarded on an injunction bond if at the time the injunction was obtained the complainant was entitled to the writ.

FROM the chancery court of Sunflower county.

HON. A. MC. C. KIMBROUGH, Chancellor.

Burroughs, appellant, was the complainant in the court below; Jones and others, appellees, were defendants there. The suit was once before in the supreme court and is reported. *Burroughs* v. *Jones*, 78 Miss., 235 (28 So., 944). The facts of the case were fully stated by the court in the opinion then delivered,* to which reference is made. After the remand of the case to the court below, the suit was consolidated with the case of *Craig* v. *Burroughs*, mentioned in the former opinion,

---

*There is a typographical error in the opinion as it appears in 78 Miss. On page 240 after the word "contract" in the 16th line there should be a period, followed by the following words, there omitted, viz.: "Now if in this suit Craig secures a decree for specific performance of said contract."

and in this way all proper parties to this suit were brought before the court. The other facts are stated in the following opinion of the court, or may be readily inferred therefrom.

*Johnson & Chapman,* for appellant.

By express stipulation, time is made the essence of this contract. The payments are to be made at the times they become due. A failure to make any one of these payments punctually at the appointed time gives Burroughs the right to treat the contract as void, and annul it. From the time any payment becomes due and is not paid, Craig holds merely at the will of Burroughs. After a payment becomes past due, Craig can only save his rights under the contract by making the payment before Burroughs notifies him of rescission. As to whether the contract is rescinded or not after any payment is past due and not paid, is entirely in the hands of Burroughs. It is so written in the face of the paper. The plain language is susceptible of no other construction. After allowing the time for payment to pass without making it, Craig, upon notification of cancellation by Burroughs, loses all moneys paid or expended in improvements, and the title revests in Burroughs as effectually as if no contract of sale had ever been made.

A delay in cancellation is but grace extended. Unless there are additional stipulations between the parties, after failure to make any of the payments as security, Craig can only acquire rights under his contract by making tender of the money due with stipulated interest before Burroughs has elected to exercise his right of cancellation plainly given him in the instrument.

The agreement is to be construed according to the intent of the parties, as this may be gathered within its "four corners." A construction limiting Burroughs' right to rescind to the very date of Craig's failure to pay, was never contemplated. There is no sentence, clause or condition in the paper so providing in terms or reasonably susceptible of such a construction. 1

Pomeroy's Eq., sec. 455; Notes in 6 L. R. A., 242; *Moak* v. *Bryant*, 51 Miss., 564; *Johnson* v. *Tuggle*, 27 Miss., 845.

The contract was annulled and all rights of Craig under it were divested. On February 21, 1899, a written notice was mailed to Craig that the contract would be canceled and declared null unless he complied with its terms within three days from the date of the notice. It must not be forgotten that, at the date of this notice, the last payment had not become due. Burroughs, at this time, was under no obligation to tender a deed. His contract was to make a deed upon the payment of all the purchase money. At this time, to put Craig in default, he had only to demand payment and give notice that, unless made, the contract would be terminated. This notice was duly written and mailed to Craig. Craig admits receiving the notice, but states that the date of the receipt was after the three days allowed had elapsed. His plain duty was to comply within a reasonable time after he had received the notice.

Is not Burroughs entitled to the redress he seeks, to have the trust deed canceled, as a cloud on his title, and the sale under it perpetually enjoined. High on Injunctions, sec. 372 *et seq.* Surely damages were wrongfully adjudged on the injunction bond.

*Baker & Moody*, for appellees.

The contract in controversy provides that, for $550, of which $50 was paid cash, and the remainder evidenced by four notes of $125 each, due October 25, 1896, 1897, 1898 and 1899, respectively, Burroughs agreed to convey the land in controversy to Craig when said notes should be paid.

By the terms of the contract in controversy, Craig was bound to the performance of many and various acts, the violation of any one or more of which gave Burroughs the right to declare the contract null and void. It is not claimed, however, that Craig failed to perform any of the acts required of him by the

terms of the contract, except the failure to pay the notes due October 25, 1897 and 1898, respectively. The failure by Craig to pay those notes did not give Burroughs the right to declare the contract void on February 21, 1899. The court will observe that the times of payments were made the essence of the contract, and that it is provided that the failure to make any of the payments at the time they fell due, *i. e.*, "punctually and upon the strict terms and times above limited," Burroughs should have the right to do one of two things. If the payments were not made, the first question that naturally presents itself is, at what time shall Burroughs make this election? As before stated, the time is made the essence of the contract, and Craig is bound to make the payments punctually and upon the strict terms and times above limited. There is no delay provided for Craig. He must make the payments promptly when due. If he does not, the consequence is that Burroughs' is given the right to declare the contract null and void, as it may please him. As Craig is bound to make the payments punctually, why is not Burroughs required to make the election promptly?

The contract is a hard one. Craig not only forfeits the land, but all payments made, as well, together with the right to recover for improvements made. Craig forfeits all. All courts of equity construe contracts of the kind in controversy to be a security for the purchase money. Courts are always loth to deprive a party of the right to the land. That Burroughs, if he desires to declare the contract null and void, is required to make the election promptly at the time default is made, we submit, is apparent from the contract itself. The contract provides that, in the event Craig fails to make the payments, and Burroughs should elect not to rescind or declare it null and void, then that Craig should pay interest, eight per centum annually, on the amount due from maturity. The requirement that Craig should pay the interest annually makes the conclusion

irresistible that the election must be made promptly at the time default is made.

The contract is a hard one on Craig. The proof shows that he paid $50 down when the contract was made, and that he has paid one of the notes amounting to $125, making a total paid of $175. The proof shows that at the time the land was contracted to be sold, that it was in a wild and unimproved state. That valuable improvements have been made on the land. That now it is worth almost three times as much as it was when the contract was entered into. That the improvements were put on the land with the knowledge of Burroughs. That he let one note fall due, and did not rescind the contract, but on the contrary let it remain in force and effect, and that, too, knowing that the improvements were being made. He let another note fall due. Still he knew the improvements were being made, and then when he thought that about all of the improvements that were going to be made had been made, and when the land was worth fully three times what was due, decided to reap the fruits of Craig's labor. The action of Burroughs does not commend itself to a court of equity.

TERRAL, J., delivered the opinion of the court.

In this case it seems to have been the intention of the vendor of the tract of land to make the times of the payment of the installments of the purchase money of the essence of the contract; for, though eight per centum per annum interest was specified as a compensation for any delay in the payment of the purchase money, it was also provided that if the purchaser did not literally comply with his contract, he should forfeit all right thereunder. The purchaser made a cash payment of $50, and made the first annual payment some nineteen days after it became due. He failed, however, to pay the second, third and fourth payments at the times specified, but in January, 1900—some three months after the last payment became due—he tendered to the vendor all amounts due for the land, and demanded a

performance of the contract. The several deferred payments'
were due on the 25th of October, 1897, 1898 and 1899, and
the vendor permitted those days to pass without calling for a
forfeiture of the contract, but on the 21st of February, 1899,
gave notice to Craig that unless all sums due on the contract
were paid within three days, he would declare the contract
forfeited; and this notice, though received after three days, it
is contended put an end to all rights of Craig under the con-
tract. The contention of Craig is that, as Burroughs did not,
at the very time of his default of payment, exercise his elec-
tion to insist upon a forfeiture, he thereby waived his right in
that respect. It is apparent that the character of contract to
be here adjudicated does not necessarily make time of its
essence, and if it be so in this case, it is because of the stipu-
lation in the contract to that effect. And where time is made
of the essence of a contract by agreement of the parties it
must result that such an agreement merely imposes a penalty,
which is not regarded in equity with a favorable eye, and will
not be enforced under circumstances which make it inequitable
to do so, but on the contrary, will decree a specific perform-
ance where the equities of the case justify it. Now, here Craig
had so improved the premises that they were worth several
times more than the purchase price. He had paid a cash pay-
ment, and also the first of the deferred payments, and within a
short time after the last payment became due tendered all the
money due under said contract. We think the chancellor cor-
rectly held that the equities of the case required a specific per-
formance of the contract.

1. That forfeiture will not be upheld unless promptly in-
voked at the time specified, is sustained by Fry, Spec. Perf.,
§§ 709, 710; *Monro* v. *Taylor*, 8 Hare, 62. In *Cheney* v.
*Libby*, 134 U. S., 78 (10 Sup. Ct., 502; 33 L. Ed., 823), the
court say: "Even where time is made material, by express
stipulation the failure of one of the parties to perform a con-
dition within the particular time limited will not, in every case,

defeat his right to specific performance, if the condition be subsequently performed without unreasonable delay, and no circumstances have intervened that would render it unjust or inequitable to give such relief." This principle, we think, supports the conclusion of the court in this case.

2. We think, however, that the court erred in giving any damages to Jones on the injunction bond of Burroughs, because when he sued out his injunction his right thereto was undeniable. At that time there was no right whatever in Jones to sell the land in controversy, because his right, whatever it was, was acquired from Craig, who was then in default in the performance of his contract with Burroughs, and the sale of the land would have cast a cloud upon the title of Burroughs, which he had a right to prevent. *Benedict* v. *Benedict*, 15 Hun., 307 (2 High, Inj., § 1650).

The decree for $60 in favor of L. H. Jones and A. C. Leigh upon the injunction bond of Burroughs is annulled, and the decree in other respects is

*Affirmed.*