Charles P. Leggett, Respondent, *v.* The Mutual Life Insurance Company of New York, Appellant.

A covenant to pay heavy liquidated damages in case of non-performance of a contract, so far as it is clearly applicable, will be enforced, but it will not be extended by implication.

Defendant contracted to sell to plaintiff certain premises, and at a specified time and place, upon payment of the purchase-money, to execute and deliver a proper deed for the conveyance of the fee simple, free of

incumbrances, containing covenants against the acts of the grantor.   In case of failure or refusal to execute and deliver a proper deed, as specified, defendant agreed to pay $5,000, which was stipulated as liquidated damages for such non-performance. *Held*, that this covenant applied only to the agreement to execute a deed, not to the warranty of title implied from the agreement to sell, and that where a deed was tendered in form, as prescribed by the contract, a defect of title beyond the power of defendant to remedy did not render it liable thereon.

For a breach of the implied warranty of title, where the contract is made in good faith and is broken by reason of the inability of the vendor to make a good title, the vendee is only entitled to nominal damages beyond his expenses.

(Argued June 9, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 64 Barb., 23.)

This action was brought to recover the sum of $5,000, claimed as liquidated damages, for the non-performance of a contract.

On the 11th November, 1863, the parties entered into a written contract by which defendant agreed to sell to plaintiff certain premises situate in Flushing, Queens county.

The contract contained the following clauses:

" And the said party of the first part (defendant) further agrees that on the first day of January, A. D. 1864, on receiving from the said party of the second part the sum of $5,000 in cash, and a purchase-money first mortgage upon the above described premises for $10,000, payable at or before the expiration of five years, at the option of the said party of the second part, with interest semi-annually, the said parties of the first part shall and will, at their office, No. 94 Broadway, in the city of New York, at twelve o'clock, meridian, and at their own proper cost and expense, execute and deliver to the said party of the second part, or to his assigns, a proper deed of conveyance, duly acknowledged, for the conveying and assuring to him or them the fee simple of the said premises, free from all incumbrances, which deed of conveyance shall contain full covenants against grantors' own acts."

" And it is, hereby further agreed that in case the said parties of the first part shall fail or refuse to execute and deliver a proper deed of conveyance in manner and at the time and place above specified for that purpose, provided the party of the second part shall be ready to fulfill and perform the covenants then to be fulfilled on his part, or in case the said party of the second part shall fail or refuse to pay the said sum of $5,000 in cash and to receive the deed of conveyance from the parties of the first part, and to execute and deliver to them the mortgage for $10,000 hereinbefore mentioned at that time and place as above agreed upon, provided the parties of the first part shall be ready to deliver such deed of conveyance as aforesaid, then the party so failing shall and will pay to the other party, or his or their assigns, the sum of $5,000, which sum is hereby declared, fixed and agreed upon as the liquidated amount of damages to be paid by the party so failing as aforesaid, for his or their non-performance."

The time for performance was several times postponed by agreement of the parties, who finally met January 30th, 1864, when plaintiff refused to take a deed executed in form as prescribed in the contract, claiming there was a defect of title. Further facts appear in the opinion.

*Henry E. Davies & Julien T. Davies* for the appellant. The damages stipulated in the contract are in the nature of a penalty, and not liquidated damages. (*Thoreau* v. *Thornhill*, 2 W. Blk., 1078; *Conger* v. *Weaver*, 20 N. Y., 140; Sedg. on Meas. of Dam., 197, 421; *Cotheal* v. *Talmadge*, 5 Seld., 551; *Astley* v. *Weldon*, 2 Bos. & Pul., 346; *Kemble* v. *Farren*, 6 Bing., 141; *Davies* v. *Penton*, 6 Barn. & Cr., 216; *Lampman* v. *Cochran*, 16 N. Y., 275; *Clowell* v. *Lawrence*, 38 id., 74; *Bagley* v. *Peddie*, 16 id., 469; *Clement* v. *Cash*, 21 id., 256; *Dennis* v. *Cummins*, 3 J. Cas., 297; *Sheill* v. *McNitt*, 9 Paige, 101; *Gray* v. *Crosby*, 18 J. R., 219; *Jackson* v. *Baker*, 2 Edw. Ch., 371; *Spencer* v. *Tilden*, 5 Cow., 144, note at p. 150; *Howard* v. *Hopkyns*, 2 Atk., 371; *Richards* v. *Edick*, 17 Barb., 260; *Staples* v. *Parker*, 41 id., 648; *Knapp*

v. *Maltby*, 13 Wend., 587; *Bage* v. *Millard*, 12 N. Y. Leg. Ob., 57.) The tender of the deed relieved defendant from liquidated damages. (*Jackson* v. *Brown*, 7 Cow., 13; *Robinson* v. *Ryan*, 25 N. Y., 320; *Eaton* v. *Lyon*, 3 Ves., 690.)

*E. B. Hinsdale* for the respondent. A conveyance of a doubtful or incumbered title was not a compliance with the covenant of defendant's agreement. (*Fletcher* v. *Button*, 4 Comst., 396–399; *Burwell* v. *Jackson*, 5 Seld., 535; *Delavan* v. *Duncan*, 49 N. Y., 485.) Defendant having broken its contract, plaintiff is entitled to the damages stipulated in the agreement. (*Clement* v. *Cash*, 21 N. Y., 253; *Bagley* v. *Peddie*, 16 id., 469; *Cotheal* v. *Talmadge*, 9 id., 551; *Knapp* v. *Maltby*, 13 Wend., 587; *Dakin* v. *Williams*, 17 id., 447; S. C. affirmed, 22 id., 201; *Holmes* v. *Holmes*, 12 Barb., 137; *Esmond* v. *Van Benshoten*, id., 366; *Mundy* v. *Culver*, 18 id., 336.)

RAPALLO, J. The covenant sued upon was, in substance, that if the defendant should fail or refuse to execute and deliver a proper deed of conveyance, in manner and at the time and place previously specified in the contract, it would pay to the plaintiff $5,000, which sum was agreed upon as the liquidated amount of damages for such non-performance.

The first question which naturally arises is, whether from the language of the whole contract it is apparent that the intention was that the defendant should pay these liquidated damages in case, without fault on its part, it should be unable to make a perfect title, free from all incumbrances, or whether the intention was that these damages should be had only in case of the failure or refusal of the defendant to do an act which was clearly within its power, viz., to execute and deliver a proper deed. The language of the covenant seems carefully selected so as to confine the undertaking to pay the liquidated damages to a failure to execute and deliver the deed. The covenant is not general to pay the $5,000 for a failure to per-

form the contract in any respect, express or implied, but only in the specific case of a failure or refusal to give the deed in manner and at the time and place specified. This is an engagement which a party might assume with reasonable safety, but if it should be extended, by implication, so as to embrace a warranty of the title, it would manifestly be accompanied with serious hazard, and the point now to be considered is whether, on a fair interpretation of the contract, we can say that the defendant assumed that hazard.

The plaintiff relies upon the principles declared in the case of *Burwell* v. *Jackson* (5 Seld., 535), that in every contract for the sale of lands there is an implied warranty on the part of the vendor that he has a good title to that which he assumes to sell, unless such warranty is expressly excluded by the terms of the contract. That such implied warranty exists so long as the contract remains executory; but on the delivery of the deed the law throws upon the purchaser the responsibility of protecting himself by suitable express covenants, and he must look to those alone. (1 R. S., 738, § 140.) Consequently the vendor cannot require performance by the vendee unless he can convey a good title, and if before the acceptance of a deed the vendee discovers that his vendor has no title, he may rescind, and avoid all securities given for the consideration money of the sale.

The doctrines of that case are supported by most satisfactory reasoning, and have been accepted as the law of this State upon the subject, but they fall far short of sustaining the plaintiff's right of recovery in the present action.

The express agreement to execute a deed, and the implied undertaking that the title thereby conveyed shall be perfect and free from incumbrances, are distinct and separate obligations. One is expressed in the contract, the other is implied up to a certain stage of the transaction (viz., so long as the contract remains executory), from the agreement to sell. The performance of one is within the control of the party. That of the other may not be. It is quite competent, in such a case, for the parties to agree upon heavy liquidated damages

to be paid for the non-performance of those acts which it is in their power to perform, leaving the damages for breaches of a different character to be governed by general principles of law.   In this manner good faith in the performance of the contract is secured, and it would require a very clear expression of intention to show that the parties intended more. Such a covenant as this should not be extended by implication.   So far as it is clearly applicable, it should be enforced, but no farther.   The contract in question provides : 1st. That the defendant agrees to sell the property in question to the plaintiff for $15,000 ; 2d. That at a specified time and place, on the payment of the purchase-money, the defendant will, at his own expense, execute and deliver a proper deed, duly acknowledged, for the conveyance of the fee simple of the premises, free from incumbrances.   But the contract discloses an intention, on the part of the defendant, not to assume personal responsibility for the title, as it expressly provides that the deed shall contain covenants against the grantor's own acts.   The damages are agreed to be paid for a refusal to execute and deliver a proper deed in manner and at the time and place specified.   The manner and time of conveyance are all here referred to.   Of what avail would be the care of the defendant to restrict the covenants in the deed it was to execute, to covenants against the grantor's acts, if the liquidated damage clause was intended to apply to a defect of title beyond the power of the party to remedy ?   The two clauses would be incongruous.   The warranty of title implied from the agreement to sell, so long as it remained executory, would protect the purchaser in refusing the deed when tendered, if the title was defective, but its breach could only entitle him to nominal damages, beyond his expenses, where the contract was made in good faith and broken by reason of the inability of the vendor to make a good title.   (*Conger* v. *Weaver*, 20 N. Y., 140.)   If the parties had intended that the $5,000 damages agreed upon should be payable for such a breach of the implied warranty, the contract should have stated that such damages should be paid not only in case the defendant

should fail or refuse to execute and deliver a deed in the manner agreed upon, but also in case the title conveyed by the deed should be in any respect defective or to any extent incumbered. We cannot interpolate that provision in the contract.

The facts of the case show that the defendant acted in entire good faith in making the contract and doing all in its power to perform it. A proper deed was admitted to have been executed and tendered. The objections made to the title, if valid, related to a technical but worthless outstanding right of redemption in a share of the property; and this the defendant offered to extinguish, at its own expense, by legal proceedings, but the plaintiff declined to allow the necessary time for the purpose, although several changes of the time of completion had been previously made by mutual consent. It may be questioned whether there was, in fact, a breach of the agreement; but in my view of the proper interpretation of the contract, even if the objections to the title were well founded, they were not such a breach as entitled the plaintiff to the liquidated damages claimed, and it is therefore unnecessary to examine the merits of those objections.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur; Folger, J., not sitting

Judgment reversed.