Laura C. Norris, Plaintiff, *v.* William B. McMechen, Defendant.

Supreme Court, Warren County, October 11, 1929.

*Henry W. Williams,* for the motion.

*Samuel D. Jones,* opposed.

Heffernan, J.   On April 14, 1925, the parties to this action entered into an agreement, by the terms of which defendant agreed to sell and plaintiff to purchase lands in the city of Saratoga Springs,

for the sum of $14,000. The transaction was to be completed on or before May 1, 1925, but was never consummated.

The contract contained the familiar covenant that, in the event of non-performance, the party in default would pay to the other the sum of $2,000, liquidated damages. This action is brought to recover that amount.

The contract has been the subject of prior litigation, an action having been brought by the defendant herein against plaintiff in New York county to recover the liquidated damages. The result of that trial was a dismissal of the complaint on the merits, from which no appeal has been taken, because the court found that the plaintiff in that suit was not, at the time of the execution of the contract, or at the time fixed for performance thereof, the owner of the lands, or in a position to tender a marketable title, and that consequently defendant therein was justified in refusing to complete the negotiation.

In her complaint here, plaintiff alleges in substance the execution of the contract, that defendant was not able to convey a marketable title, that she was justified in declining to accept a conveyance of the property, and that as a result she has been damaged in the stipulated amount.

The answer admits the making of the agreement, defendant's justification in refusing to complete it, denies that defendant was not the owner of the property, or that plaintiff has suffered any damages. Two affirmative defenses are pleaded: *First*, that plaintiff was not ready, able and willing to perform her obligations under the agreement. The *second* alleges that the provision for liquidated damages is void and contrary to public policy, and amounts in effect to a forfeiture or penalty.

Plaintiff has moved for summary judgment under rule 113 of the Rules of Civil Practice, and, if that application be denied, then for an order pursuant to rule 109, striking out the separate defenses as insufficient in law.

According to the provisions of the contract, the covenant to convey and the covenant to pay the purchase money are concurrent and dependent. The defendant challenges the sufficiency of the complaint because of the absence of any allegation to the effect that plaintiff was able, ready and willing to perform the contract, and in failing to allege that she tendered performance. A demand of performance is not required when it would be useless. Here non-performance was occasioned by the act of defendant because of his inability to convey a marketable title. That excuses plaintiff from the necessity of alleging performance, or readiness to perform on her part. Tender of performance need not be averred, because

futile. The first separate defense is, therefore, insufficient. In order to support her action, however, the burden is on plaintiff of showing her ability to consummate the contract. If performance on her part was impossible, obviously she would not be entitled to recover damages.

The burden is on defendant to establish that the provision for liquidated damages is in fact a penalty. The general denial in the answer puts in issue all matters which plaintiff is bound to prove, and nothing more. Plaintiff is required to prove a contract by defendant valid on its face. Having done this, she. cannot be compelled to enter into a controversy concerning matters not appearing in the instrument involving its validity, because not informed by the answer that such an issue would be tendered on the trial. For that reason the defendant in order to avail himself of such a defense must plead it. If the illegality of the contract appeared on its face or from the complaint, the rule is otherwise. Nothing appears from an inspection of this complaint or the contract disclosing any illegality therein. It is the usual provision embodied in documents relating to the purchase and sale of real estate, because the actual damages are uncertain and difficult to ascertain. The amount is not out of proportion to the probable loss. The language of the contract, however, that the stipulation is for liquidated damages, is not controlling. Whether it is that or a penalty depends upon the nature of the transaction and the intention of the parties. (*Caesar* v. *Rubinson*, 174 N. Y. 492.) That cannot be determined without a trial. Undoubtedly it will ultimately become a question of law.

For these reasons the first separate defense is stricken out and the other motions are denied, without costs.