LAURA C. NORRIS, Plaintiff, *v.* WILLIAM B. McMECHEN, Defendant.

Supreme Court, Warren County, January 3, 1930.

*Henry W. Williams,* for the plaintiff.

*Samuel D. Jones,* for the defendant.

HEFFERNAN, J. Plaintiff, the vendee in a contract for the sale of real property situate in the city of Saratoga Springs, the purchase price of which was $14,000, has brought this action against defendant, the vendor, to recover the sum of $2,000 liquidated damages stipulated in the contract, because of the latter's inability to tender a marketable title.

The contract in question has a litigious history. The case was heretofore before the court on a motion for judgment on the plead-

ings (134 Misc. 866). A prior action was brought by defendant against plaintiff in New York county for the identical relief sought here. The trial resulted in a dismissal of the complaint on the merits. The court there found, *inter alia*, that neither at the time of the execution of the contract, nor at the time fixed for performance, was plaintiff the owner of the lands in fee simple, nor was he in a position to tender a marketable title, and that consequently defendant was justified in refusing to consummate the transaction. Emboldened by her success in the former suit, defendant became the plaintiff in this action.

Defendant repeats here the objections urged by him on the motion for judgment that plaintiff has failed to establish a cause of action because of her omission to allege and prove performance or readiness to perform on her part. In its former decision the court disposed of these contentions and held that the only defect in the complaint was the failure to allege ability to perform. Upon the trial plaintiff asked and was granted permission to amend her pleading in this respect.

In view of the undisputed fact that defendant was unable to convey a good title the only question of importance to be determined is the amount of damages to which plaintiff is entitled. Defendant asserts that he is liable only for nominal damages. Although there is considerable diversity of opinion in the courts in this country on the subject, the rule in this State is that where a vendor without fraud on his part is unable to convey a good title, and that where the defect was unknown to him at the time the contract was made, the purchaser is not entitled to recover damages for the loss of the bargain, but can only recover the purchase money paid, with interest, the expenses incurred on the faith of the contract, and nominal damages for not conveying; and if no part of the purchase money has been paid, and no expense incurred, nominal damages only can be recovered. (39 Cyc. 2106, 2107; *Conger* v. *Weaver*, 20 N. Y. 140; *Pumpelly* v. *Phelps*, 40 id. 59; *Walton* v. *Meeks*, 120 id. 79.)

Where the contract is silent on the subject the rule enunciated is the one to be followed. Although there is no authority directly in point it seems to me that on principle the doctrine for which defendant contends is limited to contracts in which there is no provision for liquidated damages. In this case it is conceded that no part of the purchase money was paid, and that the only expense incurred by plaintiff is the sum of $50 for the examination of the title. If it be assumed that plaintiff instead of incurring an expense of $50 had obligated herself to the extent of $3,000 on the strength of her contract with defendant, would she be permitted

to recover that amount? The mere statement of the proposition carries its own refutation. If her recovery would be limited to the stipulated sum in the hypothetical case then in the instant case she should not be denied less. Where, however, the contract of sale provides that in case of a breach by the vendor he will pay a certain sum as damages, the amount so stipulated controls, and in case of a breach the purchaser's measure of damage is that amount, with interest, from the time of the breach. (39 Cyc. 2116.) The case of *Leggett* v. *Mutual Life Insurance Company* (53 N. Y. 394), upon which defendant relies, is distinguishable. In that case the liquidated damage clause was expressly limited to the failure or refusal to give a proper deed. In its opinion the court said: "The language of the covenant seems carefully selected so as to confine the undertaking to pay the liquidated damages to a failure to execute and deliver the deed. The covenant is not general to pay the $5,000 for a failure to perform the contract in any respect, express or implied, but only in the specific case of a failure or refusal to give the deed in manner and at the time and place specified." The breach in the *Leggett* case was a failure to give a good title. There was no agreement in that case to deliver a marketable title. While that covenant was implied it was not expressed and the Court of Appeals there held that the liquidated damage clause must be limited to the breach of the express covenants, and did not apply to the breach of an implied covenant. On this subject it was written: " If the parties had intended that the $5,000 damages agreed upon should be payable for such a breach of the implied warranty, the contract should have stated that such damages should be paid not only in case the defendant should fail or refuse to execute and deliver a deed in the manner agreed upon, but also in case the title conveyed by the deed should be in any respect defective or to any extent incumbered. We cannot interpolate that provision in the contract." The court also called attention to the fact that a proper deed was admitted to have been executed and tendered, and that the objection made to the title related to a technical but worthless outstanding right of redemption in a share of the property which defendant offered to extinguish at its own expense. Plaintiff declined to grant the necessary time for that purpose. In the case under consideration the contract provides that defendant shall convey the premises to plaintiff " by a good and sufficient warranty deed, a good and marketable title." The contract specifically makes the liquidated damage clause applicable to this covenant.

On the trial two witnesses on behalf of defendant testified that the value of the property is less than the contract price. From

this defendant argues that plaintiff has not sustained any damages. The court is not bound to accept that testimony as conclusive, especially in view of defendant's own letter on the subject. Defendant's attitude is wholly inconsistent with his plea for damages in the former suit. The trial of such an issue would open the door to expert testimony, usually unreliable and always uncertain, which is the very evil which this provision was designed to avoid. The parties to a contract may, where the damages consequent upon a breach are of an uncertain nature, estimate them in advance of a breach and agree upon their measure, and such an agreement when entered into in good faith will be enforced. (17 C. J. 931.) It is quite obvious that the actual damages flowing from the breach of a contract for the purchase or sale of real estate are generally uncertain and difficult of ascertainment. In cases where the liquidated damages are fixed, the presumption of law is that damages were sustained and the party thus injured is not compelled to establish by evidence the items of damage as in other cases. (17 C. J. 965; *Little* v. *Banks*, 85 N. Y. 258.) Where the contract fixes the amount of damage which plaintiff is entitled to recover in case of a breach, it is not necessary for her to show affirmatively that she sustained any actual damages. In the contract under consideration damages for non-performance are liquidated and fixed. The language used is precise and explicit, leaving nothing for construction or intendment. The parties have declared in language not capable of being misunderstood or misinterpreted, that they have ascertained and liquidated the damages at $2,000 to be paid by the party failing to perform the agreement to the injured party. The court is bound to ascertain and carry into effect their intent. It is not authorized by construction to make a new contract for them. It is true, as urged by defendant, that if the court can see that no damages have resulted from the breach of a contract, the party to whom performance is due will not be permitted in the guise of a stipulation for liquidated damages to recover a substantial sum. The rule deducible from the reported cases is that where the parties have agreed upon a sum of money as the measure of damages which will be sustained by the non-performance of the agreement, and the sum thus agreed upon under the circumstances is not so excessive as to shock the moral sense, the courts will hold the parties to their agreement and keep them bound by their contract. Unquestionably the court would be justified in interfering if the sum named were greatly disproportionate to the actual injury. No such disproportion is apparent in this case. The defendant having breached his contract, the damages to be awarded are those liquidated and fixed by the agreement.

Defendant's criticism that plaintiff did not possess sufficient means in her own right to complete this transaction, but was dealing on the strength of her husband's credit, is of no importance. Her ability to perform is adequately proved.

Plaintiff is, therefore, entitled to judgment for the relief prayed for, with costs.