Adriana **CHUTTER**, Plaintiff,

v.

**KLM ROYAL DUTCH AIRLINES and Allied Aviation Service International Corporation**, Defendants.

United States District Court
S. D. New York.
June 27, 1955.

Edward Kennedy, New York City, for plaintiff.

Mendes & Mount, New York City, for defendant Allied Aviation Service International Corp.

Condon & Forsyth, New York City, for defendant KLM Royal Dutch Airlines.

EDELSTEIN, District Judge.

Plaintiff has brought an action against KLM Royal Dutch Airlines and Allied Aviation Service International Corporation for damages for personal injuries she sustained as a result of the alleged negligence of both defendants. Allied, the aviation service company, has cross-claimed against KLM, the carrier, for indemnification in the event of a recovery against it by the plaintiff. The case was tried to the court without a jury.

The facts, for the most part, are not in serious dispute. The plaintiff had purchased a ticket for an international flight commencing in New York and terminating in Athens, via stopovers in Amsterdam, Madrid and Rome, and there can be no doubt that the transportation contracted for was "international transportation" within the Warsaw Convention, 49 Stat. 3000 et seq., Proclaimed Oct. 29, 1934. After boarding the plane and being escorted to her seat, the plaintiff, while the "fasten seat belt" sign was lighted, got up from her seat and proceeded to the rear toward the open door

of the aircraft in order to wave a farewell to her daughter. At that moment, the ramp or loading stairs were being pulled away from the plane by employees of the defendant Allied upon a signal from an employee of the defendant KLM. The plaintiff testified that she had stepped out onto the ramp, from which she fell, but it appears to me, in accordance with the testimony of certain of defendants' employees, that the plaintiff stepped from the plane into a space between it and the ramp, falling to the ground.

Both defendants rely upon Article 29(1) of the Warsaw Convention which provides that the right to damages shall be extinguished if an action is not brought within two years, and this action was not filed within the two year period. Without embarking upon a detailed analysis of the plaintiff's physical position at the time of her fall, I am satisfied that the accident causing the damage occurred, within the terms of Article 17 of the Convention, "on board the aircraft or in the course of any of the operations of embarking or disembarking." To hold otherwise would be an unwarranted dissection of minute and almost undefinable areas from the coverage of the Convention. Hence, the suit against the defendant KLM must fail for want of timely commencement.

Whether Allied, the aviation service company in charge of moving the ramp, can claim the benefit of the time limitation in the Warsaw Convention is not entirely clear, but a close analogy is found in cases involving the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq., 46 U.S.C.A. § 1300 et seq. It has been held by the Court of Appeals for this Circuit that the limitation provisions of the statute inured to the benefit of a stevedore, independently contracted for by the carrier. United States v. The South Star, 2 Cir., 210 F.2d 44. The case in is accord with a similar view expressed by the Fifth Circuit, Collins & Co. v. Panama R. Co., 5 Cir., 197 F.2d 893. The basis for these decisions is that the stevedore is engaged by the carrier to perform a part of the contract of carriage, and it is impractical to distinguish the carrier from the community of persons whose joint activity is the carrier's activity. In selling a ticket to the plaintiff the air carrier obviously assumed the obligation of affording her a means of entrance and egress from the aircraft; in delegating the function of ramp handling to the defendant aviation service company, the carrier made it the agency by which a part of the contract of transportation was to be fulfilled. It seems immaterial whether the service company be regarded technically as an agent or an independent contractor. Therefore, the analogy of the Carriage of Goods by Sea Act is quite persuasive. And it is the more persuasive because the Carriage of Goods by Sea Act merely refers to the liability of the carrier, while the Warsaw Convention, in Article 24, refers to an action for damages (for passenger bodily injury) "however founded". Consequently, this action was not timely commenced against the defendant Allied. Cf. Wanderer v. Sabena, Sup.Ct.N.Y.County, Feb. 10, 1949, No. 6015–1947, 1949 U.S. Aviation Reports 25.

But in any event, I have found as a fact that the plaintiff was contributorily negligent, and whether her action against the defendant Allied be founded on the Warsaw Convention or on New York law, she cannot recover.

Accordingly, I make the following findings of fact and conclusions of law.

### Findings of Fact

1. Defendant, KLM Royal Dutch Airlines, is, and at all times mentioned in the complaint herein was, a corporation duly organized and existing under and by virtue of the laws of the Kingdom of The Netherlands with its principal office in The Hague, The Netherlands, and with a local office in the City, County and State of New York.

2. At all times mentioned in the complaint defendant, KLM Royal Dutch Airlines, was, and now is, a common carrier engaged in the business of international

**614**

transportation of passengers and their baggage for hire by airplane, and was, and is, engaged in such business in the State of New York and elsewhere.

3. Defendant, Allied Aviation Service International Corporation, is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and is engaged in rendering various cargo and line services to airlines using the facilities of New York International Airport (Idlewild) under a permit from The Port of New York Authority.

4. Plaintiff, Adriana Chutter, is, and was at all times mentioned in the complaint, a citizen and resident of the State of Pennsylvania.

5. On or about November 14, 1950, plaintiff, Adriana Chutter, purchased and defendant, KLM Royal Dutch Airlines, issued a ticket, which was subject to all the rules and conditions related and/or referred to therein; under the agreement evidenced by said ticket plaintiff was entitled to transportation by air from New York, United States of America, to Amsterdam, The Netherlands, by defendant, KLM Royal Dutch Airlines; and was entitled to transportation by air between Amsterdam, The Netherlands, and Madrid, Spain, by defendant, KLM Royal Dutch Airlines; and was entitled to transportation by air between Madrid, Spain, and Athens, Greece, by another air carrier.

6. The transportation by air provided for in said ticket issued by defendant, KLM Royal Dutch Airlines, to plaintiff, Adriana Chutter, was to be performed under a contract of transportation wherein the place of departure was New York, New York, in the United States of America, the agreed stopping places were Amsterdam, The Netherlands, Madrid, Spain, Rome, Italy, and the place of destination, Athens, Greece; such transportation was "international transportation," within and subject to the "convention for the unification of certain rules relating to international transportation by air and an additional protocol", signed at Warsaw, October 12, 1929 (oth-

erwise known as the "Warsaw Convention"), said Convention having been duly adhered to by the United States of America and Greece.

7. The contract of transportation, evidenced by the ticket issued by defendant, KLM Royal Dutch Airlines, to plaintiff, specifically stated: "Carriage/-Transportation under this Passenger Ticket and Baggage Check, hereinafter called 'ticket', is subject to the rules relating to liability established by the Convention for the Unification of Certain Rules Relating to International Carriage/Transportation by Air signed at Warsaw, October 12, 1929, if such carriage/transportation is 'international' carriage/transportation as defined by said convention."

8. Article 17 of said Warsaw Convention provides:

"The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

9. Article 29(1) of said Warsaw Convention provides:

"The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

10. Article 21 of said Warsaw Convention provides:

"If the carrier proves that the damage was caused by or contributed to by the negligence of the injured person the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability."

11. Article 24 of the Warsaw Convention provides:

"(1) In the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention.

"(2) In the cases covered by article 17 the provisions of the preceding paragraph shall also apply, without prejudice to the questions as to who are the persons who have the right to bring suit and what are their respective rights."

12. On November 17, 1950, at about twelve o'clock noon, plaintiff boarded an aircraft, a Constellation, bearing registration mark PH–TFF, which said aircraft was owned and operated by defendant, KLM Royal Dutch Airlines, and was designated by said defendant to make the first portion of the transportation provided for in said contract of transportation between plaintiff and defendant, KLM Royal Dutch Airlines, namely from New York International Airport (Idlewild) to Schiphol Airport, Amsterdam, The Netherlands.

13. Defendant, Allied Aviation Service International Corporation, placed and removed the passenger loading stairs or ramp by means of which access to the aircraft was had by plaintiff, pursuant to a Cargo and Line Agreement between defendant, Allied Aviation Service International Corporation, and defendant, KLM Royal Dutch Airlines, dated July 25, 1950.

14. After plaintiff, Adriana Chutter, came aboard said aircraft she was escorted to a seat assigned to her near the front of the passenger cabin by the chief steward and her hand luggage was placed in the rack above her seat.

15. At the time plaintiff was so escorted to her assigned seat the "fasten seat belt" sign was lighted.

16. Plaintiff did not fasten her seat belt but instead got up from her seat and walked down the aisle toward the rear of the aircraft.

17. After walking toward the rear of the cabin she turned toward the entrance door, which was still open, and walked through the entrance door in an endeavor to wave a final farewell to her daughter, who was standing on the observation roof of the airport terminal building.

18. While waving to her daughter, plaintiff stepped out of the entrance door of the aircraft.

19. Some seconds prior thereto employees of defendant, Allied Aviation Service International Corporation, had commenced to remove the loading ramp or stairs from the side of the aircraft.

20. Plaintiff, as she stepped out of the entrance door of said aircraft, fell to the ground between the aircraft and the loading ramp or stairs, and sustained injuries.

21. Plaintiff was removed to the airport dispensary and subsequently to a hospital.

22. The aircraft, PH–TFF, thereafter took off on November 17, 1950, for Amsterdam, The Netherlands, without plaintiff aboard as a passenger.

23. The instant action was commenced by the filing of the complaint with this Court on March 18, 1953, and the summons and complaint was served on defendant, KLM Royal Dutch Airlines, on March 20, 1953, and on the defendant Allied Aviation Service International Corporation on or about March 19, 1953.

### Conclusions of Law

1. The transportation by air, during the course of which plaintiff sustained her injuries, was being performed under a contract of transportation entered into between plaintiff and defendant, KLM Royal Dutch Airlines, which, according to the contract, was "international transportation", as defined in subsection (1) of Article 1 of the Warsaw Convention.

2. The rights of plaintiff and defendant, KLM Royal Dutch Airlines, are governed by that contract of transportation and the terms and provisions of the Warsaw Convention.

3. Defendant, KLM Royal Dutch Airlines, duly complied with all the requirements of the Warsaw Convention on its part to be performed.

4. The conditions and limitations of the Warsaw Convention inure to the benefit of the defendant Allied Aviation Service International Corporation, as the agency whereby the defendant airline was fulfilling a part of its obligation under the contract of transportation.

5. Plaintiff's transportation under the contract of transportation entered into between plaintiff and defendant, KLM Royal Dutch Airlines, stopped on November 17, 1950.

6. Plaintiff's right to damages was extinguished, as against both KLM Royal Dutch Airlines and Allied Aviation Service International Corporation, by reason of the provisions of Article 29(1) of the Warsaw Convention, because this action was not brought against these defendants within two years from the date on which plaintiff's transportation stopped, namely, November 17, 1950.

7. Defendants KLM Royal Dutch Airlines and Allied Aviation Service International Corporation are not liable to plaintiff for the injuries she sustained because such injuries were caused by or contributed to by the negligence of the plaintiff and such contributory negligence on plaintiff's part bars recovery against these defendants as a matter of law under Article 21 of the Warsaw Convention.

8. In so far as the law of New York may be applicable, the plaintiff may not recover against the defendant Allied Aviation Service International Corporation because of her own contributory negligence.

9. Defendant, KLM Royal Dutch Airlines, is entitled to judgment dismissing the complaint of plaintiff against it.

10. Defendant Allied Aviation Service International Corporation is entitled to a judgment dismissing the complaint of plaintiff against it.