Martin B. Stecher, J.
This is a motion for summary judgment made by the plaintiffs in an action for personal injuries, alleged to have been sustained by them in Paris, on August 11, 1969, while debarking from the defendant’s airplane. The Warsaw Convention (49 TJ. S. Stat. 3000 et seq.) provides for carrier liability for a personal injury so sustained (art. 17). The Montreal Agreement (31 Fed. Beg. 7302, eff. in 1966) by waiving the defense of due care (Warsaw Convention, art. 20), in effect created liability without proof of fault for injuries sustained by passengers during aircraft operations or while embarking or debarking (Warsaw Convention, art. 17).
Article 21 of the Convention however, remained in force, and provides that if the carrier proves contributory negligence caused or contributed to the injury ‘ ‘ the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability.” The defendant interposes this portion of the treaty to the motion for summary judgment; but offers no evidence whatever of negligence on the part of the plaintiffs. In fact, no allegation of contributory negligence is pleaded, although the complaint asserts the absence of contributory negligence and the answer is a general denial. Finally, it appears without contradiction that the defendant has long sought to take plaintiffs’ depositions without success.
It would seem, from the statutes cited, that the defendant must allege and prove contributory negligence (cf. CPLB 3018, subd. [b]). The general denial is insufficient, putting in issue only that *719 which plaintiffs are obligated to prove (Norris v. McMechen, 134 Misc. 866, 868).* The plaintiffs are not obligated to prove their freedom from contributory negligence in order to sustain a prima facie case. If, however, contributory negligence is a defense to the action (cf. Chutter v. KLM Royal Dutch Airlines, 132 F. Supp. 611) the failure to plead it does not prevent its consideration on a motion for summary judgment (Curry v. Mackenzie, 239 N. Y. 267). The defendant is entitled to take the plaintiffs’ depositions; and as the information concerning the accident may be in the sole possession of the plaintiffs, the motion for judgment should be denied, at least until depositions are had (CPLR 3212, subd. f).
The nature of the article 21 defense under the facts of this case — whether it is a complete defense to liability (Chutter, supra) or a defense which merely mitigates damage (cf. Kansas City Southern Ry. Co. v. Jones, 241 U. S. 181) —need not and should not be determined here. Ghutter (supra) is readily distinguishable; for there the accident occurred in New York. Here, the accident occurred in France on a French airline. It is conceivable that in applying its “ own law” as required by article 21, this court may be required to apply the French law of contributory negligence rather than that of New York (cf. Matter of Clark, 21 N Y 2d 478). Obviously such determination must await the trial.
The defendant is given leave to serve an amended answer within 20 days after entry of this order and the plaintiffs’ deposition should be arranged by agreement of the parties.
The motion is denied.

 (Cf., contra, Allis-Chalmers Mfg. Co. v. Malan Constr. Corp., 30 N Y 2d 225.)