OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant Pathway Travel Agency, Inc. (Pathway), seeks summary judgment upon the ground that the cause of action has no merit and is otherwise barred by the Statute of Limitations.
Plaintiffs, a husband, wife and relative, contracted with defendant Pathway for a packaged 14-day “Russian Adventure” tour which included, among other arrangements, round-trip air transportation on defendant Pan American World Airways, Inc. (Pan Am), hotel accommodations, meals and sightseeing. Prior to their September 18, 1978 flight departure from j.F.K. Airport in New York, plaintiffs turned over four pieces of luggage to the custody of Pan Am. Plaintiffs received baggage claim checks marked “Frankfurt” from Pan Am in exchange for their luggage. According to the tour flight itinerary, the Pan Am portion of the flight was to terminate in Frankfurt, West Germany, where plaintiffs would then change planes (Aeroflot), to *1072 Moscow. The basis of plaintiffs’ action is that they did not receive their luggage in Russia until the ninth day of the 14-day tour.
Plaintiffs contend in their October 2, 1980 complaint that they filed a report of lost luggage with the proper personnel at the Moscow airport and immediately informed a representative of Pathway of the lost luggage. The president of Pathway, who accompanied the tour as a combined business orientation and pleasure trip, asserts that the purported representative of Pathway contacted by plaintiffs in Moscow was actually a representative of American Travel Abroad, Inc., an official agent for the Russian governmental agency “Intourist”, which provided English-speaking tour guides in Russia. Plaintiffs maintain that responsibility for the lost luggage rests with both Pan Am and Pathway; that defendants failed to provide substitute clothing to plaintiffs; and that as a result, they were deprived of the reasonable enjoyment of the tour and their health was seriously affected. In short, plaintiffs’ complaint springs from defendants’ alleged breach of contract and gross negligence.
In answer to the complaint, Pathway alleges the affirmative defenses of a two-year Statute of Limitations, written release, contributory negligence and failure to state a cause of action against it.
In ruling upon a prior motion, the complaint against defendant Pan Am was dismissed on the ground that under the terms of the Warsaw Convention (49 US Stat 3000; US Code, tit 49, § 1502 note), the action against the carrier was barred by a two-year Statute of Limitations. In a companion motion, defendant Pathway’s application to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) was denied.
We now consider Pathway’s instant motion for summary judgment, which seeks- to dismiss the complaint upon the ground that the cause of action has no merit and is otherwise barred by the same two-year Statute of Limitations provided by the Warsaw Convention.
The travel brochure for the “Russian Adventure” tour issued by Pathway, upon which plaintiffs rely, states that *1073 among the various arrangements included were: “jet round trip via Pan American World Airways’V“English-speaking Intourist guides throughout Russia”/“Fully escorted throughout the tour”/“all transfers and sightseeing by motorcoach”/ and “all baggage handling”. As part of the “General Information and Tour Conditions” contained in the brochure, the tour price included “Air transportation [on] regularly scheduled jet economy class service on Pan American Airways or any IATA or ATC Carrier.” Pan Am’s name and logo were featured on the brochure.
In addition, the brochure contained the following disclaimer under the heading “Responsibility”: “Pathway Travel and/or its Agents, act(s) as Agent for the various companies whose accommodations are made available by these tickets (when issued) and assume(s) no responsibility for liability in connection with the service of any train, vessel, carriage, aircraft or other conveyance which is used, either wholly or in part, in the performance of its duty to the passengers; neither will they be responsible for any act, error or omission, or for any injury, loss, accident, delay or irregularity which may be occasioned * * * through neglect or default of any company or person engaged in carrying out the purpose for which tickets or coupons have been issued.” In reserving space for plaintiffs and tendering a deposit to Pathway, plaintiff Estelle De Marco signed a reservation form which stated that she had read and understood the conditions as stated in the brochure.
From the above, it is evident that Pathway specifically disavowed any .duty to insure against the negligence of independent contractors, such as Pan Am, with whom it arranged air transportation services as part of the “Russian Adventure” tour. Pathway agreed to supply plaintiffs with a planned Russian tour with meals, lodging and transportation, but did not insure the safety of plaintiffs’ luggage en route to Moscow via Frankfurt. Plaintiffs do not allege any facts indicating that Pathway maintained any control over Pan Am in the carrier’s baggage-handling functions. In short, Pathway’s disclaimer in the tour contract and its relationship with the carriers providing air transportation preclude any liability on the part of Path *1074 way, either on a theory of breach of contract or negligence (Dorkin v American Express Co., 74 Misc 2d 673, affd 43 AD2d 877).
The court parenthetically notes that it does not appear that defendant Pathway could properly claim the benefit of the two-year Statute of Limitations set forth in the Warsaw Convention. Unlike the case of Chutter v KLM Royal Dutch Airlines (132 F Supp 611) relied upon by Pathway, Pathway was not engaged by Pan Am to actively perform any part of the contract of carriage to plaintiffs relative to the international air transportation of persons, baggage or goods.
Accordingly, the motion is granted.